FELICE JOHN VITI, Acting United States Attorney (#7007)
CAROL A. DAIN, Assistant United States Attorney (#10065)
JOEY L. BLANCH, Assistant United States Attorney (#16665)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682

---

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    vs.<br><br>BRENT RICHARD JOHNSON,<br><br>    Defendant. | Case No. 2:24cr383 HCN<br><br>JOINT PROPOSED JURY INSTRUCTIONS AND VERDICT FORM<br><br><br><br>Judge Howard C. Nielson, Jr. |

COMES NOW the United States of America, by and through Felice John Viti,

Acting United States Attorney for the District of Utah, and Carol A. Dain and Joey L.

Blanch, Assistant U.S. Attorneys for said District, and provides the Court with the

following comprehensive packet of jury instructions and verdict form for the Court's

//

consideration.  Counsel for the defendant informed the United States by email that he has

no objections and stipulates to the proposed instructions and verdict form.


Dated: July 8, 2025

                                         Respectfully submitted,

                                         FELICE JOHN VITI
                                         ACTING UNITED STATES ATTORNEY

                                         */s/ Carol A. Dain*
                                         CAROL A. DAIN
                                         JOEY L. BLANCH
                                         Assistant United States Attorneys

## PRELIMINARY INSTRUCTION NO. 1

MEMBERS OF THE JURY:

Thank you for your willingness to serve as jurors. I will now read some preliminary instructions about the process we will follow throughout the trial. At the end of the trial, I will provide more instructions about the law that governs the issues. During the trial you should focus your attention on the facts of this case, as shown by the evidence presented.

It will be your duty to find the facts from the evidence presented in court. I will give you detailed instructions at the conclusion of the evidence on the law, the required proof, and how you should proceed to reach a verdict. Nothing I may say or do during the course of the trial is intended to indicate that I have any opinion about the facts of this case nor should anything I say or do be taken as indicating what your verdict should be.

Hon. Judge Barlow's Stock Preliminary Instruction

Submitted by the United States
No objection by Defendant.

## PRELIMINARY INSTRUCTION NO. 2

This is a criminal case brought by the United States government. I will sometimes refer to the government as the prosecution.

There are three basic rules about a criminal case that you must keep in mind.

First, the defendant is presumed innocent until proven guilty. The Indictment against the defendant brought by the prosecution is only an accusation, nothing more. It is not proof of anything. The defendant starts out with a clean slate.

Second, the burden of proof is on the prosecution. The defendant has no burden to prove the defendant's innocence, or to present any evidence, or to testify. Since the defendant has the right to remain silent, the law prohibits you from arriving at your verdict by considering the fact that the defendant may not have testified.

Third, the prosecution must prove the defendant's guilt beyond a reasonable doubt. I will give you further instructions on this point later but bear in mind that a criminal case is different than a civil case in this respect.

Hon. Judge Barlow's Stock Preliminary Instruction

Submitted by the United States
No objection by Defendant.

## <u>PRELIMINARY INSTRUCTION NO. 3</u>

The charges against the defendant, Brent Richard Johnson, are stated in a document called an Indictment. An Indictment is brought by the government against a defendant and merely states the charges against a defendant. Its purpose is to give notice of the charges against a defendant. It is only an accusation, nothing more. It is not proof of guilt nor should you infer the defendant's guilt merely because the government brought the Indictment. Because the Indictment is not evidence of guilt, it may not be considered as such by you.

Also, the defendant, Brent Richard Johnson, is not on trial for any act or conduct not specifically charged in the Indictment.

Hon. Judge Barlow's Stock Preliminary Instruction

Submitted by the United States
No objection by Defendant.

## <u>PRELIMINARY INSTRUCTION NO. 4</u>

As I mentioned earlier, I will give you detailed instructions on the law at the end of the case, and those instructions will guide your deliberations and your eventual verdict. But in order to help you follow the evidence, I will now give you a brief summary of the elements of the offenses that the prosecution seeks to prove.

### COUNT 1

The defendant, Bent Richard Johnson, is charged with one count of Production of Child Pornography in violation of 18 U.S.C. § 2251(a). This law makes it a crime for a person to employ, use, persuade, induce, or entice a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, where the visual depiction was produced using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce.

### COUNT 2

The defendant, Bent Richard Johnson, is charged with one count of Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).  This law makes it a crime for a person to knowingly possess child pornography, where the child pornography had been produced using materials that had been mailed, shipped or transported in interstate or foreign commerce by any means including by computer.

Hon. Judge Barlow's Stock Preliminary Instruction
18 U.S.C. § 2251(a)
18 U.S.C. § 2252A(a)(5)(B)

Submitted by the United States
No objection by Defendant.

## <u>PRELIMINARY INSTRUCTION NO. 5</u>

The evidence from which you will find the facts will consist of the sworn testimony of witnesses; documents and other things received as exhibits, regardless of who may have produced them; and any facts the lawyers agree or stipulate to, or that I may instruct you to find.

Certain things are not evidence and must not be considered by you. I will list them for you now:

1. Statements, arguments, and questions by lawyers are not evidence.

2. Objections to questions are not evidence. Lawyers have an obligation to make an objection when they believe evidence being offered is improper under the rules of evidence. You should not be influenced by an objection or by my ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other.

3. Testimony that I have excluded or told you to disregard is not evidence and you must not consider it.

4. If you are instructed that testimony or evidence is received for a limited purpose, it may only be considered for that purpose.

5. Anything you may have seen or heard outside the courtroom is not evidence and must be disregarded. You must decide the case solely on the evidence presented here in the courtroom.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. I will give you further instructions on these as well as other matters at the end of the case, but keep in mind that you may consider both kinds of evidence.

Hon. Judge Barlow's Stock Preliminary Instruction

Submitted by the United States
No objection by Defendant.

## PRELIMINARY INSTRUCTION NO. 6

You are the sole judges of the credibility of the witnesses and the weight of the testimony and evidence. In judging the weight of the testimony and the credibility of the witnesses you may take into consideration: their bias; their interest in the result of the case; their relationship to any of the parties; any probable motive or lack thereof to testify fairly; their demeanor on the witness stand; the reasonableness of their testimony; their frankness or candor, or the lack thereof; their opportunity to know; their ability to understand; their capacity to remember; and the extent to which their testimony has been either supported or contradicted by other credible evidence.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or a transaction may simply see or hear it differently. Innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, you think it deserves. You may believe or disbelieve all or any part of any witness's testimony.

Hon. Judge Barlow's Stock Preliminary Instruction

Submitted by the United States
No objection by Defendant.

## PRELIMINARY INSTRUCTION NO. 7

You may hear the testimony of an expert witness. An expert witness is a witness who, by education and experience, has expertise in some art, science, profession, or calling. This witness may state opinions as to matters in which the witness is an expert and may also state the reasons for the opinion.

But you are not bound by such an opinion. You should weigh expert opinion testimony just as you weigh any other testimony.

Hon. Judge Barlow's Stock Preliminary Instruction

Submitted by the United States
No objection by Defendant.

## <u>PRELIMINARY INSTRUCTION NO. 8 (If applicable)</u>

The prosecution and the defendant have stipulated—that is they have agreed—to certain facts. Therefore, you must treat these facts as conclusively proven. I will now read the stipulated facts:

[INSERT STIPULATED FACTS]


[Craig, let's discuss if we can come to stipulations)

Hon. Judge Barlow's Stock Preliminary Instruction

Submitted by the United States
No objection by Defendant.

## <u>PRELIMINARY INSTRUCTION NO. 9</u>

At the end of trial, you must make your decision based on what you recall of the evidence and the exhibits received into evidence. You will not be provided with a transcript or record of the trial. You will have the exhibits that are received into evidence. I urge you to pay close attention to the testimony as it is given.

Hon. Judge Barlow's Stock Preliminary Instruction

Submitted by the United States
No objection by Defendant

## <u>PRELIMINARY INSTRUCTION NO. 10</u>

You will be permitted to take notes during the course of the trial. If you do, leave them in the jury room when you leave at night, and remember that they are for your own personal use.

Of course, you are not obligated to take notes. If you do not take notes you should not be unduly influenced by the notes of another juror.

Note-taking must not be allowed to interfere with the ongoing nature of the trial or distract you from what happens here in court. Any notes taken by any juror concerning this case should not be disclosed to anyone other than a fellow juror and at no other time than during deliberations, which will occur only at the end of the trial.

Hon. Judge Barlow's Stock Preliminary Instruction

Submitted by the United States
No objection by Defendant

## <u>PRELIMINARY INSTRUCTION NO. 11</u>

The court reporter is making stenographic notes of everything that is said. The purpose is to have an accurate record of the proceeding and to assist any appeals. But this record will not be available for your use during deliberations.


Hon. Judge Barlow's Stock Preliminary Instruction

Submitted by the United States
No objection by Defendant

## <u>PRELIMINARY INSTRUCTION NO. 12</u>

During the trial it may be necessary for me to discuss legal matters with the lawyers out of your hearing, either by having a conference here at the bench while you are present in the courtroom, or by calling a recess. The length of these conferences may vary. Please understand that while you are waiting, we are working. Also, please do not speculate as to what we are discussing or why we are having these discussions.

Hon. Judge Barlow's Stock Preliminary Instruction

Submitted by the United States
No objection by Defendant

## <u>PRELIMINARY INSTRUCTION NO. 13</u>

Now to your conduct as jurors. These instructions may seem odd, but they are critically important, because if you violate these rules the trial and your verdict may be invalid.

First, until this trial is over, you may not discuss the case or the evidence with anyone, even fellow jurors.

Second, if anyone should try to talk to you about the subject of this case, bring it to the attention of the courtroom deputy promptly.

Third, do not read or listen to anything touching on this case in any way. Do not watch or listen to any news reports concerning this trial on television or on the radio, and do not read any news accounts of this trial in a newspaper, on the internet, or on any instant communication device or service, including smartphones, tablets, email, texts, social media platforms such as Facebook, Twitter, or Instagram, and other devices and services.

Fourth, do not try to do any research or make any investigation about the case on your own. This means you must not consult any person or source, including internet resources, on subjects related to this case. This includes the internet, reference books or dictionaries, newspapers, magazines, television, radio, computers, smartphones, tablets or any social media or electronic device. This also includes visiting any of the places involved in this case, using Internet maps or Google Earth or any other source, talking to possible witnesses, or creating your own experiments or reenactments.

Fifth, when family, friends, colleagues, or anyone else asks what the case is about, remember you cannot speak with them about the case. All you can tell them is that you are on a jury, the estimated schedule for the trial, and that you cannot talk about the case until it is over. This includes every form of communication you can imagine, including not just speaking, but emails, text messages, tweets, blogs, chat room discussions, comments or other postings, Facebook, Twitter, Instagram, LinkedIn, or any other social media of any kind.

Sixth, to avoid even the appearance of improper conduct, do not talk to any of the parties, the lawyers, or witnesses about anything until the case is over, even if your conversation with them has nothing to do with the case. The lawyers and parties have been given the same instruction about not speaking with you, so do not think they are being unfriendly to you if they ignore you.

After the trial is over and I have released you from the jury, you may then discuss the case with anyone. But you are not required to do so. I will give you more instructions about this when you have returned your verdict.

Hon. Judge Barlow's Stock Preliminary Instruction

Submitted by the United States
No objection by Defendant

## <u>PRELIMINARY INSTRUCTION NO. 14</u>

You must keep an open mind throughout the trial. Evidence can only be presented one piece at a time. Do not form or express an opinion about this case while the trial is going on. You must not decide on a verdict until after you have heard all of the evidence and have discussed it thoroughly with your fellow jurors in your deliberations.

Hon. Judge Barlow's Stock Preliminary Instruction

Submitted by the United States
No objection by Defendant

## <u>PRELIMINARY INSTRUCTION NO. 15</u>

The trial will generally proceed as follows:

1. <u>Opening Statements</u>. First, the government will make an opening statement, outlining what the case is about and what it thinks the evidence will be. Next, the defendant may, but does not have to, make an opening statement. Just as the Indictment is not evidence, opening statements are neither evidence nor arguments. Their purpose is only to help you understand what the evidence will be. It is a road map to show you what is ahead.

2. <u>Presentation of Evidence</u>. The government will then present its witnesses and other evidence. The defendant may cross-examine the government's witnesses. Following the government's case, the defendant may, if he wishes, present witnesses, whom the government may cross-examine. He may also introduce other evidence. If the defendant submits other evidence, the government may introduce rebuttal evidence.

3. <u>Instructions on the Law</u>. After all the evidence is in, I will instruct you on the law that you must apply.

4. <u>Closing Arguments</u>. Next, the lawyers will summarize and argue the case. They will share with you their views of the evidence, how it relates to the law, and how they think you should decide the case.

5. <u>Jury Deliberations</u>. The final step is for you to go to the jury room and discuss the case among yourselves until you reach a verdict.

The trial will begin_____, _____, at 9 a.m. Please be here by 8:45 a.m. so that we may begin on time.

Thank you for your attention as I have provided these instructions. And again, thank you for your willingness to participate in this vital civic service.

Hon. Judge Barlow's Preliminary Jury Instructions

Submitted by the United States
No objection by Defendant

# FINAL INSTRUCTIONS

## <u>INSTRUCTION NO. 1</u>

MEMBERS OF THE JURY

In any jury trial there are, in effect, two judges. I am one of the judges, you are the other. I am the judge of the law. You, as jurors, are the judges of the facts. I presided over the trial and decided what evidence was proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

In explaining the rules of law you must follow, I will first give you some general instructions that apply in every criminal case. Then I will give you some specific rules of law that apply to this particular case. Finally, I will explain the procedures you should follow in your deliberations and the possible verdicts you may return. You will be able to take these instructions with you into the jury room, so there is no need to take notes.

Hon. Judge Barlow's Criminal General Jury Instructions

Submitted by the United States
No objection by Defendant

## INSTRUCTION NO. 2

It is your duty as jurors to follow the law as stated in these instructions, and to apply the law to the facts as you find them from the evidence.

You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.

You are not to be concerned with the wisdom of any rule of law stated by these instructions. You must not substitute your own opinion of what the law is or ought to be.

You should not read into these instructions, or anything else I have said or done, any suggestion as to what your verdict should be. That is entirely up to you.

Hon. Judge Barlow's Criminal General Jury Instructions

Submitted by the United States
No objection by Defendant

## <u>INSTRUCTION NO. 3</u>

You have been chosen and sworn as jurors in this case to try the issues of fact presented by the allegations of the Indictment and the denial made by Brent Richard Johnson's "not guilty" plea. You are to perform this duty without bias or prejudice as to any party. The law does not permit jurors to be governed by sympathy, prejudice, or public opinion.

Hon. Judge Barlow's Criminal General Jury Instructions

Submitted by the United States
No objection by Defendant

## <u>INSTRUCTION NO. 4</u>

An Indictment is a formal method of accusing the defendant of a crime. It is not evidence of any kind against the defendant. The law presumes the defendant to be innocent of the crimes charged. The defendant begins the trial with a "clean slate" with no evidence against the defendant. Only the evidence presented to the jury is to be considered in support of any charge against the defendant. The presumption of innocence alone is sufficient to acquit the defendant, unless you are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence.

Hon. Judge Barlow's Criminal General Jury Instructions

Submitted by the United States
No objection by Defendant

## <u>INSTRUCTION NO. 5</u>

As I have said before, the prosecution has the burden of proving the defendant's guilt beyond a reasonable doubt. Some of you may have served as jurors in civil cases, where you were told that it is only necessary to prove that a fact is more likely true than not true. In criminal cases, the prosecution's proof must be more powerful than that. It must be beyond a reasonable doubt.

There are very few things in this world that we know with absolute certainty, and in criminal cases, the law does not require proof that overcomes every possible doubt. A reasonable doubt is a doubt based on reason after careful and impartial consideration of all the evidence.

The burden of proof is always upon the prosecution to prove that the defendant is guilty beyond a reasonable doubt. This burden never shifts to the defendant. The law does not require a defendant to prove his innocence or produce any evidence at all.

If, based on your consideration of the evidence, you are convinced that Brent Richard Johnson has been proved guilty beyond a reasonable doubt, find the defendant guilty. If you are not so convinced, find the defendant not guilty.

Hon. Judge Barlow's Criminal General Jury Instructions

Submitted by the United States
No objection by Defendant

## **INSTRUCTION NO. 6**

A separate crime is charged in each count of the Indictment. Each count and the evidence pertaining to it should be considered separately. The fact that you may find the defendant guilty or not guilty as to one of the crimes charged should not control your verdict as to any other count.

Hon. Judge Barlow's Criminal General Jury Instructions

Submitted by the United States
No objection by Defendant

## <u>INSTRUCTION NO. 7</u>

You are here to decide whether the prosecution has proved beyond a reasonable doubt that the defendant is guilty of the crimes charged in the Indictment. The defendant is not on trial for any act, conduct, or crime not charged in the Indictment.

Also, it is not up to you to decide whether anyone who is not on trial in this case should be prosecuted for the crime charged.

Hon. Judge Barlow's Criminal General Jury Instructions

Submitted by the United States
No objection by Defendant

## <u>INSTRUCTION NO. 8</u>

The evidence in this case consists of the sworn testimony of the witnesses, regardless of who may have called them; all exhibits received in evidence, regardless of who may have presented them; and all facts that may have been admitted or stipulated.

Statements and arguments of counsel are not evidence in this case. When, however, the parties stipulate or agree as to the existence of a fact, the jury must, unless otherwise instructed, accept the stipulation and regard that fact as conclusively proved.

Any evidence to which I sustained an objection and any evidence that I struck must be entirely disregarded.

Anything you may have seen or heard outside the courtroom is not evidence. You must entirely disregard it.

You are to consider only the evidence in this case. However, in your consideration of the evidence, you are not limited to the statements of the witnesses. On the contrary, you are permitted to draw from the facts that you find have been proved such reasonable inferences as seem justified in light of your experience. An inference is a deduction or conclusion that reason would lead you to draw from facts that are established by the evidence in the case. In the absence of such facts, you may not draw an inference.

As I said before, you should weigh all of the evidence in the case, affording each piece of evidence the weight or significance that you find it reasonably deserves.

Hon. Judge Barlow's Criminal General Jury Instructions
Submitted by the United States
No objection by Defendant

## <u>INSTRUCTION NO. 9</u>

You may consider both direct and circumstantial evidence. There is no difference between the weight to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence.

"Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts or circumstances indicating the existence or the nonexistence of a particular fact, or the occurrence or nonoccurrence of a particular event.

You should weigh all of the evidence in the case, giving each piece of evidence the weight or significance that you find it reasonably deserves.

Hon. Judge Barlow's Criminal General Jury Instructions

Submitted by the United States
No objection by Defendant

## <u>INSTRUCTION NO. 10</u>

At times during the trial, I sustained an objection to a question. When an objection was sustained, it is your duty to disregard the question entirely. You may not speculate as to what the witness might have said if he or she had been permitted to answer the question.

Likewise, when I ordered the jury to disregard something you saw or heard, or struck it from the record, you may not consider it or speculate about it. The same rule applies to any exhibits I did not permit you to see. You may not speculate about what the exhibit might have shown.

You must completely ignore all of these things. These things are not evidence. Do not even think about them. You are bound by your oath not to let them influence your decision in any way.

Hon. Judge Barlow's Criminal General Jury Instructions

Submitted by the United States
No objection by Defendant

## <u>INSTRUCTION NO. 11</u>

As jurors, you are the sole judges of the credibility of witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witnesses, or by the way the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given.

You should carefully scrutinize all of the testimony given, the circumstances under which each witness has testified, and every matter in evidence that tends to show whether a witness is worthy of belief. Consider each witness's intelligence, motive and state of mind, and demeanor and manner while on the stand. Consider the witness's ability to observe the matters as to which he or she has testified, and whether he or she impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an event may simply see or hear it differently. Innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, you think it deserves. You may believe or disbelieve all or any part of any witness's testimony.

Hon. Judge Barlow's Criminal General Jury Instructions

Submitted by the United States
No objection by Defendant

# <u>INSTRUCTION NO. 12</u>

Your decision should not be determined by the number of witnesses testifying for or against a party. You should consider all the facts and circumstances in evidence to determine which of the witnesses you choose to believe or not believe. You are allowed to find that the testimony of a smaller number of witnesses on one side is more credible than the testimony of a greater number of witnesses on the other side.


Hon. Judge Barlow's Criminal General Jury Instructions

Submitted by the United States
No objection by Defendant

## <u>INSTRUCTION NO. 13 (IF APPLICABLE)</u>

The defendant has an absolute right under our Constitution not to testify.

You are not to discuss or consider the fact that the defendant did not testify when deliberating and in arriving at your verdict. You may not draw any inference from the fact that the defendant decided to exercise his constitutional privilege and did not testify.

Remember, the burden of proof is on the prosecution. The law never imposes upon the defendant the burden or duty of calling any witnesses or of producing any evidence.

## [<u>ALTERNATE INSTRUCTION IF DEFENDANT TESTIFIES</u>]

A defendant in a criminal trial has a constitutional right to testify on his own behalf. You should consider and weigh the testimony the same as the testimony of the other witnesses and determine the weight and credibility to be given to it by the same rules that apply to witnesses generally.

Hon. Judge Barlow's Criminal General Jury Instructions

Submitted by the United States
No objection by Defendant

## <u>INSTRUCTION NO. 14</u>

You have heard the testimony of law enforcement officers. You should judge the testimony of law enforcement officers by the same standards as the testimony of other witnesses.

Hon. Judge Barlow's Criminal General Jury Instructions

Submitted by the United States
No objection by Defendant

## INSTRUCTION NO. 15

In some cases, such as this one, scientific, technical, or other specialized knowledge may assist the jury in understanding the evidence or in determining a fact in issue. A witness who has knowledge, skill, experience, training or education, may testify and state an opinion concerning such matters.

You are not required to accept such an opinion. You should consider opinion testimony just as you consider other testimony in this trial. Give opinion testimony as much weight as you think it deserves, considering the education and experience of the witness, the soundness of the reasons given for the opinion, and other evidence in the trial.

Hon. Judge Barlow's Criminal General Jury Instructions

Submitted by the United States
No objection by Defendant

## <u>INSTRUCTION NO. 16</u>

Certain charts and summaries have been shown to you to help explain the evidence in this case. Their only purpose is to help explain the evidence. These charts and summaries are not evidence or proof of any facts.


Hon. Judge Barlow's Criminal General Jury Instructions

Submitted by the United States
No objection by Defendant

## **INSTRUCTION NO. 17**

If any reference by me or by the attorneys to matters of evidence does not coincide with your own recollection, it is your recollection that should control during your deliberations.


Hon. Judge Barlow's Criminal General Jury Instructions

Submitted by the United States
No objection by Defendant

## <u>INSTRUCTION NO. 18</u>

It is the duty of the attorney on each side of the case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. You should not show prejudice against any attorney or their client because the attorney has made objections.

If I allowed testimony or other evidence to be introduced over the objection of any attorney, this does not—unless I expressly stated—indicate any opinion as to the weight or effect of any such evidence. As stated before, you are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

If I have sustained an objection to a question addressed to a witness, you must disregard the question entirely. You may not draw any inference from the wording of it or speculate as to what the witness might have said if he or she had been permitted to answer the question.

Hon. Judge Barlow's Criminal General Jury Instructions

Submitted by the United States
No objection by Defendant

## <u>INSTRUCTION NO. 19</u>

If I have said or done anything in this case that makes it appear as if I have an opinion about the guilt or innocence of Brent Richard Johnson, disregard it. You are the sole judges of the facts and should in no way be influenced by what I have done here except to follow my instructions on the law. Nothing said in these instructions and nothing in the verdict form is meant to suggest or convey in any way or manner what specific verdict I think you should find. You have the sole responsibility to decide the verdict.

Hon. Judge Barlow's Criminal General Jury Instructions

Submitted by the United States
No objection by Defendant

## <u>INSTRUCTION NO. 20</u>

The Indictment may state that a crime was committed "on or about" a certain date or within a range of certain dates. Although it is necessary for the prosecution to prove beyond a reasonable doubt that the crime was committed reasonably near the date or range of dates alleged, it is not necessary for the prosecution to prove that the crime was committed precisely on the date or range of dates charged.

Hon. Judge Barlow's Criminal General Jury Instructions

Submitted by the United States
No objection by Defendant

## <u>INSTRUCTION NO. 21</u>

### Count One: Elements

The defendant is charged in Count 1 with violating 18 U.S.C. §2251(a). This law makes it a crime for a person to employ, use, persuade, induce, or entice a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct. To find the defendant guilty of this crime, you must be convinced that the government has proved each of the following elements beyond a reasonable doubt:

1.  The defendant employed, used, persuaded, induced, enticed or coerced Elizabeth Hoffman to engage in sexually explicit conduct;

2.  The defendant did so for the purpose of producing any visual depiction of such conduct;

3.  At the time of the production, Elizabeth Hoffman was under the age of 18 years;

4.  The visual depiction was produced using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce, by any means, including by computer; and

5.  Some or all of these acts occurred in Utah.

18 U.S.C. § 2251(a) (statutory elements)
18 U.S.C. § 2256(1) (definition of minor)

Submitted by the United States
No objection by Defendant

## INSTRUCTION NO. 22

### Count Two: Elements

The defendant is charged in Count 2 with a violation of 18 U.S.C. § 2252A(a)(5)(B). This law makes it a crime for a person to knowingly possess child pornography. To find the defendant guilty of this crime, you must be convinced that the government has proved each of the following elements beyond a reasonable doubt:

1. The defendant knowingly possessed any material that contained an image of child pornography;

2. The defendant knew that the material was child pornography;

3. The child pornography had been produced using materials that had been mailed, shipped or transported in or affecting interstate or foreign commerce, by any means including by computer, and

4. Some or all of the defendant's acts occurred in Utah.

If you find the United States has proven each of the elements as to Count 2 beyond a reasonable doubt, you will be asked to answer the following question:

Do you find that an image visual depiction involved a prepubescent minor or minor who had not attained the age of 12 years? _____ Yes _____ No

18 U.S.C. § 2252A(a)(5)(B) (statutory elements); Pattern Crim. Jury Instr. 6th Cir. 16.08 (2023).

Submitted by the United States
No objection by Defendant

## **INSTRUCTION NO. 23**

### **Definitions**

The term "child pornography" means a visual depiction of sexually explicit conduct, if:

(A)     The production of the visual depiction involves the use of a minor engaged in sexually explicit conduct;

(B)     The visual depiction is a digital image, that is that of a minor engaging in sexually explicit conduct; or

(C)     The visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct.

The term "visual depiction" includes an image stored on a computer disk or by electronic means, which is capable of conversion into visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

The term "Sexually explicit conduct" includes actual or simulated:

(i)     sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal,  whether between persons of the same or opposite sex;

(ii)     bestiality;

(iii)     masturbation;

(iv)     sadistic or masochistic abuse; or

(v)     lascivious exhibition of the anus, genitals, or pubic area of any person;

The term "Masturbation" means the stimulation, manipulation, or excitation of the genitals for the purposes of exciting or stimulating the person being masturbated if that person was an adult.  This can include touching one's own genitals or the act of touching or rubbing someone else's genitals.

The term a "lascivious exhibition" is one that potentially excites sexual desires or is salacious.  To determine whether a visual depiction is a lascivious exhibition of the genitals or pubic area, you must consider the overall content of the visual depiction, while taking into account the age of the child depicted. You may, but are not required to, consider the following factors:

(A)     Whether the focal point of the visual depiction is on the child's genitals or pubic area;

(B)     Whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity;

(C)     Whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child;

(D)     Whether the child is fully or partially clothed, or nude;

(E)     Whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity;

(F)     Whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

A visual depiction need not involve all of these factors to be a lascivious exhibition, and it is for you to decide the weight or lack of weight to be given to any of these factors.

Exhibition of genitals or pubic area can encompass visual depictions of a child's genital or pubic area even when those areas are covered by clothing. It is not necessary that the visual depiction be intended or designed to elicit a sexual response in the average viewer, and you may consider whether the visual depictions would appeal to persons who are sexually attracted to children.

The term "minor" means any person under the age of eighteen years.

Definition of "child pornography": 18 U.S.C. § 2256(1)

Definition of "visual depiction": 18 U.S.C. 2256(5) (); see also *United States v. Sturm*, 672 F.3d 891, 900 (10th Cir. 2012) (en banc).

Definition of "sexually explicit conduct": 18 U.S.C. § 2256(2)(A) ()

Definition of "masturbation": Oxford English Dictionary: (https://www.oed.com/dictionary/ masturbation _n?tab=meaning_and_use#37776282) (Masturbation: The stimulation, usually by hand, of one's genitals for sexual pleasure; the action or practice of masturbating oneself or (less commonly) another person; an instance of this.); Cambridge Online Dictionary (https://dictionary.cambridge.org/us/ dictionary/english/masturbation) (Masturbation, noun, "the act of touching or rubbing your sexual organs in order to give yourself sexual pleasure: the act of touching or rubbing someone's sexual organs in order to give them sexual pleasure.")*; United States v. Banks*, 556 F. 3d 967, 978 (9th Cir. 2009).

Definition of "lasvicious exhibition": *United States v. W*iegand, 812 F.2d 1239, 1244 (9th Cir. 1987); *United States v. Wells*, 843 F.3d 1251, 1253 (10th Circ. 2016), citing *United States v. Wolf*, 890 F.2d 241, 243 (10th Cir. 1989), *United States v. Dost*, 636 F.Supp. 828, 832 (S.D. Cal. 1986); see also *United States v. Grzybowicz*, 747 F.3d 1296; (11th Cir. 2014)(no multi-factor analysis of "lascivious" is required to determine that any reasonable jury would have found a photograph depicting digital penetration of a child's vagina is lascivious).

Submitted by the United States
No objection by Defendant

## FINAL INSTRUCTION NO. 24

### "Knowingly" Defined

The term "knowingly," as used in all of the above instructions to describe the alleged state of mind of the defendant, means that the defendant acted knowingly if he acted intentionally and voluntarily.  While a defendant does not act knowingly if he acts out of ignorance, mistake, accident, or carelessness, knowledge is established if a person is aware of a high probability of its existence, unless he actually believes that the act does not exist.

Knowingly means that the defendant knew that the image, or images constituted child pornography. Knowingly means that the defendant was conscious and aware of his actions, realized what he was doing or what was happening around him and did not act because of ignorance, mistake or accident.

In this case, the term "knowingly" extends to an awareness that the material depicted child pornography.  The United States must show that the defendant had knowledge of the general nature of the contents of the material.  Although the defendant need not know the specific content of the material or the actual age of the underage subject, the defendant must have had an awareness, notice, reason to know, or belief or ground for belief warranting further inspection, that the material contained child pornography.

Such knowledge may be shown by direct or circumstantial evidence, or both. Eyewitness testimony of the defendant's viewing of the material is not necessary to prove his awareness of its contents; the circumstances may warrant the inference that he was

aware of what the material depicts.  Furthermore, the defendant's belief as to the legality

or illegality of the material is irrelevant.

*United States v. Sturm*, 2011 WL 6261657 and 1A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 17.04 (5th ed. 2000) (modified to remove phrase "or what was happening around him"); *United States v. X-Citement Video, Inc. et al.*, 513 U.S. 64, 72 (1994) ("knowingly" in 18 U.S.C. § 2252 extends both to the sexually explicit nature of the materials and to the minority of the performers); *United States v. Brown*, 25 F.3d 307 (6th Cir. 1994) (18 U.S.C. § 2252 requires that the defendant know the general nature of the materials involved).

Submitted by the United States
Defendant does not object to this instruction

## INSTRUCTION NO. 25
### Produced Using Materials … In or Affecting Interstate Commerce

To understand the phrase "produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce," you are instructed that an image or video (a visual depiction) may be produced when computer equipment is used to record, copy, download, store, or save the image or video. To prove that child pornography was produced using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce, it is sufficient for the government to prove that the electronic device upon which the child pornography files were saved was manufactured outside of the State of Utah.  The government does not have to prove that the defendant personally transported the electronic device used to produce the images across a state line, or that the defendant knew that the device had previously crossed a state line.  It is for you to determine, however, if the device had been mailed, shipped or transported in interstate or foreign commerce.

Interstate commerce means commerce or travel between one state, territory or possession of the United States and another state, territory or possession of the United States, including the District of Columbia. Commerce includes travel, trade, transportation and communication.

Foreign commerce means commerce between any part of the United States (including its territorial waters), and any other country (including its territorial waters).

If you decide that there was any effect at all on interstate or foreign commerce, then that is enough to satisfy this element. All that is necessary is that the natural and

probable consequence of the acts the defendant took would be to affect interstate commerce.

In determining whether computer equipment had been mailed, shipped, or transported in interstate or foreign commerce, you may consider manufacturers' inscriptions or labels identifying a product's country of origin.

Judge Barlow's Stock Criminal Jury Instructions; Tenth Circuit Criminal Pattern Jury Instruction 1.39, 1.39.1 (2021 Ed.); 18 U.S.C. § 10 (modified by the committee); *United States v. Hernandez Rodriguez*, 845 F. App'x 743, 747 (10th Cir. 2021) (images copied or downloaded to defendant's foreign-made computer had been produced using materials transported in interstate commerce); *see also United States v. Dickson*, 632 F.3d 186 (5th Cir. 2011) (analyzing the "produced using materials" jurisdictional prong in a possession case and finding images are "produced" when they are copied or downloaded onto CDs made in China); *United States v. Penton*, 380 Fed. Appx. 818, 820 (11th Cir. 2010) (analyzing the "produced using materials" jurisdictional prong stating, "[w]e have held that the Government can satisfy the interstate commerce requirement of child pornography statutes by showing that the computer equipment on which the images are stored traveled in interstate commerce, regardless of where the images themselves were originally produced."); *United States v. Caley*, 355 Fed. Appx. 760 (4th Cir. 2009) (finding the "produced using materials" jurisdictional prong met where images were copied onto a computer); *United States v. Zimmerman*, 529 F. Supp.2d 778 (S.D. Tex. 2007) (finding the "produced using materials" jurisdictional prong met in a Section 2251 case where images were stored on a hard drive, external hard drive, and CDs made out of state); 3 Modern Federal Jury Instructions-Criminal P. 62-01 (2021).

FRCP 902(7)(An inscription, sign, tag, or label purporting to have been affixed in the course of business and indicating origin, ownership, or control is self-authenticating); *United States v. Boles*, 914 F.3d 95, 109 (2nd Cir. 2019)(manufacturer's inscriptions or labels identifying a product's country of origin are admissible for the purpose of proving a device traveled in interstate or foreign commerce; *c.f. United States v. Thody,* 978 F.2d 625, 630-31 (10th Cir. 1992) ("[T]he manufacturer's imprint in the gun is not hearsay. It is technically not an assertion by a declarant as contemplated by the [hearsay rule].")

Submitted by the United States
No objection by Defendant

## **INSTRUCTION NO. 26**
### **Count 1: Mistake of Age is No Defense**


For the third element of Count 1, it is no defense to the charge that the defendant

may have been mistaken or misled as to the minor's age.


*United States v. Streett*, 83 F.4th 842, 855–56 (10th Cir. 2023), cert. denied, No. 23-7321, 2024 WL 4426734 (U.S. Oct. 7, 2024)(§ 2251(a) does not require the defendant to know that the minor is a minor.)

Submitted by the United States
No objection by Defendant

## **INSTRUCTION NO. 27**
DEFINITION OF COMPUTER

The term "computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter, or typesetter, a portable handheld calculator or other similar device.

18 U.S.C. § 1030(e)(1)
18 U.S.C. § 2256(c)

Submitted by the United States.
Defendant does not object to this instruction.

## **INSTRUCTION NO. 28**
### **Ignorance of the Law is Not a Defense**

It is not necessary for the prosecution to prove that the Defendant knew that a

particular act or failure to act is a violation of the law.   Ignorance of the law or even a

mistake of law is ***not*** a defense.


<u>See</u> <u>Cheek v. United States</u>, 498 U.S. 192, 199, 111 S.Ct. 604, 609, 112 L.Ed.2d 617
(1991); <u>See</u> <u>also</u>, <u>Modern Federal Jury Instructions</u>, Instruction 8-5; 1 DEVITT &
BLACKMAR § 14.10


Submitted by the United States.
Defendant does not object to this instruction

## INSTRUCTION NO. 29
**Single Image Sufficient**


While the United States introduced evidence that it maintains proves that the material identified in Count 1 of the Indictment contained more than one image or video of child pornography, you are instructed that the United States is only required to prove that the defendant produced a single image. To return a verdict of guilty on Count 1 of the Indictment, you need not unanimously agree on every image. You must, however, unanimously agree on at least one visual depiction.

Therefore, with respect to Count 1 of the Indictment, as long as you find beyond a reasonable doubt that the defendant knowingly produced a single image or video, and that the other elements of the offense have been proven beyond a reasonable doubt, you must find the defendant guilty.

Similarly, while the United States introduced evidence that it maintains proves that the material identified in Counts 2 of the Indictment contained more than one image of child pornography, you are instructed that the United States is only required to prove that the defendant possessed a single image. To return a verdict of guilty on Count 2 of the Indictment, you need not unanimously agree on every image. You must, however, unanimously agree on at least one visual depiction.

Therefore, with respect to Count 2 of the Indictment, as long as you find beyond a reasonable doubt that the defendant knowingly possessed a single image, and that the other elements of the offense have been proven beyond a reasonable doubt, you must find

the defendant guilty.

18 U.S.C. § 2251(a)
18 U.S.C. § 2252A(a)(5)(b)

Submitted by the United States.
Defendant does not object to this instruction

### INSTRUCTION NO. 30
**Attempt**

The defendant may be found guilty of attempting to commit a crime, even though he did not do all of the acts necessary in order to commit the crime.  However, the defendant may not be found guilty of attempting to commit any crime merely by thinking about it, or even by making some plans or some preparation for the commission of a crime.

Instead, in order to prove an attempt, the United States must prove beyond a reasonable doubt that (1) the defendant intended to commit the crime; and that (2) the defendant took a substantial step towards commission of that crime.

A "substantial step" is something beyond mere preparation.  A substantial step is an act which, in the ordinary and likely course of events, would lead to the commission of the particular crime.  The step must be a strong indication of the defendant's criminal intent, and must unequivocally mark the defendant's acts as criminal.  It should demonstrate commitment to the crime charged.

10th Cir. Criminal Pattern Jury Instruction 1.32

Submitted by the United States.
Defendant does not object to this instruction.

**POST CLOSING INSTRUCTIONS**

## INSTRUCTION NO. 31

You have now heard the closing arguments of the parties. In a few minutes, you will be escorted to the jury room. Each of you will be permitted to take your copy of these instructions with you. Any exhibits admitted into evidence will also be placed in the jury room for your review.

When you go to the jury room, you should first select a foreperson, who will preside over your deliberations and will be your spokesperson here in the courtroom.

I suggest that you should then review the instructions. Not only will your deliberations be more productive if you understand the legal principles upon which your verdict must be based, but for your verdict to be valid, you must follow the instructions throughout your deliberations. Remember, you are the judges of the facts, but you are bound by your oath to follow the law as stated in the instructions.

You will also be given the verdict form to take with you to the jury room. When you have reached unanimous agreement as to your verdict, you will have the foreperson fill it in, date and sign the form, and then return your verdict to the courtroom.

Your deliberations will be confidential. You will not be required to explain your verdict to anyone.


Hon. Judge Barlow's Criminal General Jury Instructions

Submitted by the United States
No objection by Defendant

## **INSTRUCTION NO. 32**

The attitude and conduct of jurors at the outset of their deliberations are matters of considerable importance. It is rarely productive or good for a juror, upon entering the jury room, to make an emphatic expression of an opinion on the case or to announce a determination to stand for a certain verdict. When one does that at the outset, a sense of pride may be aroused, and the juror may hesitate to recede from an announced position if shown that it is wrong.

Hon. Judge Barlow's Criminal General Jury Instructions

Submitted by the United States
No objection by Defendant

## <u>INSTRUCTION NO. 33</u>

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to the verdict. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for yourself—but do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own view, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are not partisans. You are judges of the facts. Your sole interest is to seek the truth from the evidence in the case, without speculation or assumption.

Hon. Judge Barlow's Criminal General Jury Instructions

Submitted by the United States
No objection by Defendant

## <u>INSTRUCTION NO. 34</u>

If you find the defendant guilty, it will be my duty to decide what the punishment will be. You should not discuss or consider the possible punishment in any way while deciding your verdict.

Hon. Judge Barlow's Criminal General Jury Instructions

Submitted by the United States
No objection by Defendant

## <u>INSTRUCTION NO. 35</u>

If it becomes necessary during your deliberations to communicate with me, you may send a note through the court security officer, signed by your foreperson or by one or more jurors. No member of the jury should attempt to communicate with me, or any other member of the court's staff, by any means other than a signed writing; and I, and other members of the court's staff, will never communicate with any member of the jury on any subject touching the merits of the case, otherwise than in writing or orally here in open court.

You will note from the oath the court security officer will take that the officer, as well as any other person, is also forbidden to communicate in any way with any juror about any subject touching the merits of the case.

Bear in mind also that you are not to reveal to any person—not even to me—how the jury stands numerically or otherwise until you have reached a unanimous verdict.

Hon. Judge Barlow's Criminal General Jury Instructions

Submitted by the United States
No objection by Defendant

## <u>INSTRUCTION NO. 35</u>

During your deliberations, you are able as a group to set your own schedule for deliberations. You may deliberate as late as you wish or recess at an appropriate time set by yourselves. You may set your own schedule for lunch and dinner breaks.

If your deliberations will go beyond today, please inform me by a note when you recess for the evening and indicate at what time you intend to reconvene.

Hon. Judge Barlow's Criminal General Jury Instructions

Submitted by the United States
No objection by Defendant

## POST-VERDICT INSTRUCTION

Your duty as jurors is complete and you are discharged from service. Thank you very much for your service. Your attention, timeliness, and dedication are appreciated by all the parties, attorneys, court staff, and public. You are now relieved of the instructions I have given you not to talk or read or research about the case. You may do so if you choose.

You must leave your notes and copies of the jury instructions in the jury room to be destroyed.

You may be contacted by parties to the case, their attorneys, or the media. You are under no obligation to speak to any of them. The court does not provide your contact information, but we will accept mail directed to you and forward it from the jury office.

Consider carefully your obligation to and the feelings of your fellow jurors before speaking with anyone about your service here. Because of the special relationship of jurors to each other, I strongly recommend you never disclose the vote, discussions, or inclinations of a fellow juror. You may of course discuss your own feelings or reactions to evidence presented or your reaction to jury service.

I have instructed you to make your decision only on the basis of the evidence presented in court and to ignore outside information or influence. So, as long as you kept your oath to consider only the evidence in this case, there is no reason to speak with anyone about your service here as a juror.

Again, thank you very much for your service.

Hon. Judge Barlow's Criminal General Jury Instructions

Submitted by the United States
No objection by Defendant

<u>If Applicable Instructions</u>

<u>INSTRUCTION NO. __</u>

PRIOR INCONSISTENT STATEMENTS BY A WITNESS

The testimony of a witness may be discredited by showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial.

If a prior statement was made under oath, you may consider it as evidence of the truth of the matter contained in that prior statement.

Otherwise, earlier statements of a witness were not admitted in evidence to prove that the contents of those statements are true. You may consider the earlier statements only to determine whether you think they are consistent or inconsistent with the trial testimony of the witness and therefore whether they affect the credibility of that witness. If you believe that a witness has been discredited in this manner, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves.

Hon. Judge Barlow's Criminal General Jury Instructions

Submitted by the United States
No objection by Defendant

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:24cr383 HCN |
| Plaintiff, | VERDICT |
| vs. | |
| BRENT RICHARD JOHNSON, | |
| Defendant. | |

We, the jury duly empaneled in the above- entitled case, find the defendant BRENT

RICHARD JOHNSON, as to the offenses charged:

COUNT 1 of the Indictment:      GUILTY____      NOT GUILTY _____

COUNT 2 of the Indictment:      GUILTY____      NOT GUILTY _____

If you checked GUILTY on Count 2, please answer the following question:

Do you find that an image visual depiction involved a prepubescent minor or minor who

had not attained the age of 12 years?      ____ Yes _____No

Dated this __ day of August, 2025.

_____

FOREPERSON