## <u>INSTRUCTION NO. 1</u>

### MEMBERS OF THE JURY

In any jury trial there are, in effect, two judges. I am one of the judges, you are the other. I am the judge of the law. You, as jurors, are the judges of the facts. I presided over the trial and decided what evidence was proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

In explaining the rules of law you must follow, I will first give you some general instructions that apply in every criminal case. Then I will give you some specific rules of law that apply to this particular case. Finally, I will explain the procedures you should follow in your deliberations and the possible verdicts you may return. Each of you will be given a copy of these instructions in the jury room, so there is no need to take notes.

## <u>INSTRUCTION NO. 2</u>

It is your duty as jurors to follow the law as stated in these instructions, and to apply the law to the facts as you find them from the evidence.

You must not single out one instruction alone as stating the law, but instead must consider the instructions as a whole.

The wisdom of any rule of law stated in these instructions is not your concern. You may not substitute your own opinion of what the law is or ought to be for the rules of law stated in these instructions.

You should not read into these instructions, or anything else I have said or done, any suggestion as to what your verdict should be. That is entirely up to you.

## <u>INSTRUCTION NO. 3</u>

You have been chosen and sworn as jurors in this case to try the issues of fact presented by the allegations of the Indictment and the Defendant Brent Richard Johnson's denial of these allegations through his "not guilty" plea. You are to perform this duty without bias or prejudice as to any party. The law does not permit jurors to be governed by sympathy, prejudice, or public opinion.

## <u>INSTRUCTION NO. 4</u>

An Indictment is a formal method of accusing a defendant of a crime. It is not evidence of any kind against a defendant. The law presumes a defendant to be innocent of the crimes charged. Mr. Johnson began this trial with a "clean slate" with no evidence against him. Only the evidence presented to you may be considered in support of any charge against Mr. Johnson. The presumption of innocence alone is sufficient to acquit Mr. Johnson, unless you are satisfied beyond a reasonable doubt of his guilt after careful and impartial consideration of all the evidence.

## <u>INSTRUCTION NO. 5</u>

The United States has the burden of proving a defendant guilty beyond a reasonable doubt. The law does not require a defendant to prove his innocence or produce any evidence at all. The government has the burden of proving Mr. Johnson guilty beyond a reasonable doubt, and if it fails to do so, you must find Mr. Johnson not guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of a defendant's guilt. There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. It is only required that the United States' proof exclude any "reasonable doubt" concerning a defendant's guilt. A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. If, based on your consideration of the evidence, you are firmly convinced that Mr. Johnson is guilty of the crime charged, you must find him guilty. If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

## <u>INSTRUCTION NO. 6</u>

A separate crime is charged in each count of the Indictment. Each count and the evidence pertaining to it should be considered separately. The fact that you may find Mr. Johnson guilty or not guilty of one of the crimes charged should not control your verdict regarding the other count.

## <u>INSTRUCTION NO. 7</u>

You are here to decide whether the prosecution has proved beyond a reasonable doubt that Mr. Johnson is guilty of the crimes charged in the Indictment. Mr. Johnson is not on trial for any act, conduct, or crime not charged in the Indictment.

Also, it is not up to you to decide whether anyone who is not on trial in this case should be prosecuted for the crimes charged.

## <u>INSTRUCTION NO. 8</u>

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, the stipulations that the lawyers agreed to, and the facts that I have judicially noticed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial, I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

## <u>INSTRUCTION NO. 9</u>

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case. One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence. The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience. An inference is a conclusion that reason and common sense may lead you to draw from facts which have been proved.

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.

## INSTRUCTION NO. 10

As jurors, you are the sole judges of the credibility of witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witnesses, or by the way the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given.

You should carefully scrutinize all of the testimony given, the circumstances under which each witness has testified, and every matter in evidence that tends to show whether a witness's testimony is worthy of belief. Consider each witness's intelligence, motive and state of mind, and demeanor and manner while on the stand. Consider the witness's ability to observe the matters as to which he or she has testified, and whether he or she impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an event may simply see or hear it differently. Innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, you think it deserves. You may believe or disbelieve all or any part of any witness's testimony.

## <u>INSTRUCTION NO. 11</u>

Your decision should not be determined by the number of witnesses testifying for or against a party. You should consider all the facts and circumstances in evidence to determine which of the witnesses you choose to believe or not believe. You are allowed to find that the testimony of a smaller number of witnesses on one side is more credible than the testimony of a greater number of witnesses on the other side.

## <u>INSTRUCTION NO. 12</u>

A defendant has an absolute right under our Constitution not to testify.

You are not to discuss or consider the fact that Mr. Johnson did not testify when deliberating and in arriving at your verdict. You may not draw any inference from the fact that Mr. Johnson decided to exercise his constitutional privilege and did not testify.

Remember, the burden of proof is on the prosecution. The law never imposes upon the defendant the burden or duty of calling any witnesses or of producing any evidence.

## <u>INSTRUCTION NO. 13</u>

You have heard the testimony of law enforcement officers. You should judge the testimony of law enforcement officers by the same standards as the testimony of other witnesses.

## <u>INSTRUCTION NO. 14</u>

In some cases, such as this one, scientific, technical, or other specialized knowledge may assist the jury in understanding the evidence or in determining a fact at issue. A witness who has knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.

You are not required to accept such an opinion. You should consider opinion testimony just as you consider other testimony in this trial. Give opinion testimony as much weight as you think it deserves, considering the education and experience of the witness, the soundness of the reasons given for the opinion, and other evidence in the trial.

## INSTRUCTION NO. 15

If any reference by me or by the attorneys to matters of evidence does not coincide

with your own recollection, it is your recollection that should control during your

deliberations.

## <u>INSTRUCTION NO. 16</u>

It is the duty of the attorneys on each side of the case to object when the other side offers testimony or other evidence that the attorneys believe is not properly admissible. You should not show prejudice against any attorney or their client because the attorney has made objections.

If I allowed testimony or other evidence to be introduced over the objection of any attorney, this does not indicate any opinion as to the weight or effect of any such evidence. As stated before, you are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

## <u>INSTRUCTION NO. 17</u>

If I have said or done anything in this case that makes it appear as if I have an opinion about Mr. Johnson's guilt or innocence, disregard it. You are the sole judges of the facts and should in no way be influenced by what I have done here except to follow my instructions on the law. Nothing said in these instructions and nothing in the verdict form is meant to suggest or convey in any way or manner what specific verdict I think you should find. You have the sole responsibility to decide the verdict.

## **INSTRUCTION NO. 18**

The Indictment may state that a crime was committed "on or about" a certain date or within a range of certain dates. Although it is necessary for the prosecution to prove beyond a reasonable doubt that the crime was committed reasonably near the date or range of dates alleged, it is not necessary for the prosecution to prove that the crime was committed precisely on the date or range of dates charged.

## INSTRUCTION NO. 19

Mr. Johnson is charged in Count 1 with violating 18 U.S.C. § 2251(a). This law makes it a crime for a person to employ, use, persuade, induce, entice, or coerce a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct. To find Mr. Johnson guilty of this crime, you must be convinced that the United States has proved each of the following elements beyond a reasonable doubt:

1. Mr. Johnson employed, used, persuaded, induced, enticed, or coerced a minor to engage in sexually explicit conduct;

2. Mr. Johnson did so for the purpose of producing any visual depiction of such conduct;

3. At the time of the production, the minor was under the age of 18 years;

4. The visual depiction was produced using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce, by any means, including by computer; and

5. Some or all of these acts occurred in Utah.


The United States and Mr. Johnson have stipulated—that is, they have agreed—to certain facts. Therefore, you must treat these facts as conclusively proved. I will now read the stipulated facts:

1. The videos marked as Exhibit 1, Exhibit 2, Exhibit 3, and Exhibit 4 contain visual depictions of a minor engaged in sexually explicit conduct.

2. The videos marked as Exhibit 1, Exhibit 2, Exhibit 3, and Exhibit 4 are visual depictions that were produced using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce.

## INSTRUCTION NO. 20

Mr. Johnson is charged in Count 2 with violating 18 U.S.C. § 2252A(a)(5)(B). This law makes it a crime for a person knowingly to possess child pornography. To find Mr. Johnson guilty of this crime, you must be convinced that the United States has proved each of the following elements beyond a reasonable doubt:

1. Mr. Johnson knowingly possessed any material that contained an image of child pornography;

2. Mr. Johnson knew that the material contained child pornography;

3. The child pornography had been produced using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce, by any means, including by computer; and

4. Some or all of Mr. Johnson's acts occurred in Utah.

The United States and Mr. Johnson have stipulated—that is, they have agreed—to certain facts. Therefore, you must treat these facts as conclusively proved. I will now read the stipulated facts:

1. The videos marked as Exhibit 1, Exhibit 2, Exhibit 3, and Exhibit 4 contain images of child pornography.

2. The videos marked as Exhibit 1, Exhibit 2, Exhibit 3, and Exhibit 4 were produced using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce.

If you find the United States has proved each of the elements as to Count 2 beyond a reasonable doubt, you will be asked to answer the following question:

Do you find that BRENT RICHARD JOHNSON knowingly possessed material containing any image of child pornography that depicted a prepubescent minor or minor who had not attained the age of 12 years? _____ Yes _____No.

If you unanimously agree that Mr. Johnson did knowingly possess such material, you must answer Yes. If you do not unanimously agree, you must answer No. For purposes of this question only, you need not unanimously agree that Mr. Johnson did not possess such material to answer No.

## INSTRUCTION NO. 21

When the word "knowingly" is used in these instructions, it means that the act was done voluntarily and intentionally, and not because of mistake or accident. Although knowledge on the part of the defendant cannot be established merely by demonstrating that the defendant was negligent, careless, or foolish, knowledge can be inferred if the defendant deliberately blinded himself to the existence of a fact. Knowledge can be inferred if the defendant was aware of a high probability of the existence of the fact in question, unless the defendant did not actually believe the fact in question.

As used in the second element of Instruction Number 20, the term "knew" extends to an awareness that material contained child pornography. To satisfy that element, the United States must prove beyond a reasonable doubt that Mr. Johnson had knowledge of the general nature of the contents of the material. Although Mr. Johnson need not have known the specific content of the material or the actual age of any people depicted in the material, he must have had an awareness, notice, reason to know, or belief or ground for belief warranting further inspection, that the material contained child pornography.

Such knowledge may be shown by direct or circumstantial evidence, or both. Eyewitness testimony of Mr. Johnson's viewing the material is not necessary to prove his awareness of its contents; the circumstances may warrant the inference that he was aware of what the material contains. Furthermore, Mr. Johnson's belief regarding the legality or illegality of the material is irrelevant.

## <u>INSTRUCTION NO. 22</u>

For the third element of Count 1, it is no defense to the charge that Mr. Johnson may have been mistaken or misled about the minor's age.

## <u>INSTRUCTION NO. 23</u>

It is not necessary for the prosecution to prove that Mr. Johnson knew that a particular act or failure to act is a violation of the law. Ignorance of the law or even a mistake of law is ***not*** a defense.

## <u>INSTRUCTION NO. 24</u>

While the United States introduced evidence that it maintains proves that Mr. Johnson produced more than one visual depiction of a minor engaged in sexually explicit conduct, you are instructed that, for purposes of Count 1 of the Indictment, the United States is required to prove only that Mr. Johnson produced a single such visual depiction. To return a verdict of guilty on Count 1 of the Indictment, you need not unanimously agree that Mr. Johnson produced every visual depiction identified by the United States. But for at least one specific visual depiction of a minor engaged in sexually explicit conduct, all of you must agree that Mr. Johnson produced the same visual depiction.

Therefore, with respect to Count 1 of the Indictment, so long as you find beyond a reasonable doubt that Mr. Johnson knowingly produced a single visual depiction of a minor engaged in sexually explicit conduct, and that the other elements of the offense have been proved beyond a reasonable doubt, you must find Mr. Johnson guilty.

Similarly, while the United States introduced evidence that it maintains proves that Mr. Johnson possessed material that contained more than one image of child pornography, you are instructed that, for purposes of Count 2 of the Indictment, the United States is required to prove only that Mr. Johnson possessed material containing a single such image. To return a verdict of guilty on Count 2 of the Indictment, you need not unanimously agree that Mr. Johnson possessed material containing every image identified by the United States. But for at least one specific image of child pornography, all of you must agree that Mr. Johnson knowingly possessed material containing the same

image.

Therefore, with respect to Count 2 of the Indictment, so long as you find beyond a reasonable doubt that Mr. Johnson knowingly possessed material that contained a single image of child pornography, and that the other elements of the offense have been proved beyond a reasonable doubt, you must find Mr. Johnson guilty.

## INSTRUCTION NO. 25

A defendant may be found guilty of attempting to commit a crime, even though he did not do all of the acts necessary in order to commit the crime.  However, a defendant may not be found guilty of attempting to commit any crime merely by thinking about it, or even by making some plans or some preparation for the commission of a crime.

Instead, in order to prove an attempt, the United States must prove beyond a reasonable doubt that (1) Mr. Johnson intended to commit the crime; and that (2) he took a substantial step towards commission of that crime.

A "substantial step" is something beyond mere preparation.  A substantial step is an act which, in the ordinary and likely course of events, would lead to the commission of the particular crime.  The step must be a strong indication of a defendant's criminal intent and must unequivocally mark the defendant's acts as criminal.  It should demonstrate commitment to the crime charged.

## INSTRUCTION NO. 26

You have now heard the closing arguments of the parties. In a few minutes, you will be escorted to the jury room. Each of you will be given a copy of these instructions. Any exhibits admitted into evidence will also be placed in the jury room for your review.

When you go to the jury room, you should first select a foreperson, who will preside over your deliberations and will be your spokesperson here in the courtroom.

I suggest that you then review the instructions. Not only will your deliberations be more productive if you understand the legal principles upon which your verdict must be based, but for your verdict to be valid, you must follow the instructions throughout your deliberations. Remember, you are the judges of the facts, but you are bound by your oath to follow the law as stated in the instructions.

You will also be given the verdict form to take with you to the jury room. When you have reached unanimous agreement as to your verdict, you will have the foreperson fill it in, and then date and sign the form.

Your deliberations will be confidential. You will not be required to explain your verdict to anyone.

## **INSTRUCTION NO. 27**

The attitude and conduct of jurors at the outset of their deliberations are matters of considerable importance. It is rarely productive or good for a juror, upon entering the jury room, to make an emphatic expression of an opinion on the case or to announce a determination to stand for a certain verdict. When a juror does that at the outset, a sense of pride may be aroused, and the juror may hesitate to recede from an announced position if shown that it is wrong.

## <u>INSTRUCTION NO. 28</u>

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to the verdict. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for yourself—but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own view, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are not partisans. You are judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

## <u>INSTRUCTION NO. 29</u>

If you find Mr. Johnson guilty, it will be my duty to decide what the punishment

will be. You should not discuss or consider the possible punishment in any way while

deciding your verdict.

## <u>INSTRUCTION NO. 30</u>

When you reach a unanimous verdict, send a note to me through the court security officer, signed by your foreperson telling me that you have reached a verdict. The note should not say what the verdict is.

Also, if it becomes necessary during your deliberations to communicate with me, you may send a note to me in the same manner, signed by your foreperson or by one or more jurors. No member of the jury should attempt to communicate with me, or any other member of the court's staff, by any means other than a signed writing; and I, and other members of the court's staff, will never communicate with any member of the jury on any subject relating to the merits of the case, otherwise than in writing or orally here in open court.

You will note from the oath the court security officer will take that the officer, as well as any other person, is also forbidden to communicate in any way with any juror about any subject relating to the merits of the case.

Bear in mind also that you are not to reveal to any person—not even to me—how the jury stands numerically or otherwise until you have reached a unanimous verdict.

## <u>INSTRUCTION NO. 31</u>

During your deliberations, you may as a group set your own schedule for deliberations. You may deliberate as late as you wish or recess at an appropriate time set by yourselves. You may set your own schedule for lunch and dinner breaks.

If your deliberations will go beyond today, please inform me by a note when you recess for the evening and indicate at what time you intend to reconvene.